02-10-123-CV

















 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-10-123-CV

 

 


 
 
 IN RE DAVID M. MACDONALD
 
 
  
 
 
 RELATOR
 
 


 

------------

 

ORIGINAL
PROCEEDING

 

------------

 

MEMORANDUM OPINION[1]

 

------------

This
is an original proceeding in which Relator David M. Macdonald asks this court
to order the trial court (1) to vacate its April 16, 2010 writ of
attachment and grant his motion to quash and for protection from the State=s
April 9, 2010 subpoena duces tecum, or (2) to consider his motion to quash and
for protection on the current pleadings and grant him general relief.  We deny the petition for writ of mandamus as
moot.

In
conjunction with a criminal proceeding involving Bradley Dean Clifton, the
State issued a subpoena requiring Macdonald to appear and produce documents on
April 16, 2010.  Macdonald received the
subpoena on April 9, 2010, and, later that day, filed a motion to quash and for
protection from the State=s
subpoena asserting the attorney-client privilege and requesting a hearing on
the motion.  See Tex. Code Crim.
Proc. Ann. art. 24.06(3) (Vernon 2009) (providing that witness is deemed to
have refused to obey a subpoena only when he fails to appear when summoned and Arefuses
without legal cause to
produce evidence in his possession which he has been summoned to bring with him
and produce@). 
In support of his motion, Macdonald filed an affidavit in which he
asserted that he had been retained to represent the Open Arms Church and its
pastor, Bradley Dean Clifton, and that the communications that took place
between the church, Clifton, and himself were confidential communications
protected by the attorney-client privilege. 
The State did not file a response to Macdonald=s
motion to quash or put forth any evidence establishing a waiver of the
attorney-client privilege.  See
Carmona v. State, 941 S.W.2d 949, 953 (Tex. Crim. App. 1997) (finding that
a party seeking to benefit by a finding of waiver of the attorney-client
privilege has the burden of going forward with evidence that supports a finding
of waiver); Sanford v. State, 21 S.W.3d 337, 342 (Tex. App.CEl
Paso 2000, no pet.). 

Macdonald
did not personally appear at the April 16, 2010 hearing on his motion to quash,
but his attorney appeared on his behalf and explained that he was appearing to
challenge the substance of the subpoena.  Specifically, Macdonald=s
counsel contended that he was present to make a record that every item sought
by the State=s subpoena was protected by the
attorney-client privilege.  Although it
had Macdonald’s affidavit and no contradictory evidence from the State, the
trial court did not conduct a hearing on the motion to quash to determine
whether Macdonald had Alegal
cause@ under article 24.06(3) to refuse to
produce the evidence.  Instead, the trial
court immediately issued a writ of attachment. 
See Tex. Code Crim. Proc. Ann. art. 24.22 (Vernon 2009)
(providing that trial court may issue writ of attachment for out of county
witness only when that witness Arefuses
to obey a subpoena@); Boyle v. State, 820 S.W.2d
122, 128 (Tex. Crim. App. 1989) (holding that witness must refuse to obey a
properly served subpoena before attachment may issue), cert. denied, 503 U.S. 921 (1992), disapproved of in part on
other grounds by Gordon v. State, 801 S.W.2d 899 (Tex. Crim. App.
1990).  Macdonald’s petition for writ of
mandamus and motion for emergency temporary relief followed.  On April 19, 2010, this court issued an order
temporarily staying the trial court=s April
16, 2010 writ of attachment and requesting a response to the petition for writ
of mandamus and motion for emergency temporary relief.

On June 29, 2010, this court issued an order abating the case to
the trial court to hold an evidentiary hearing on Macdonald’s motion to
quash.  The trial court held an
evidentiary hearing on the abatement order on July 13, 2010.  On July 26, 2010, the trial court issued an
order requiring Macdonald to appear at a hearing on July 30, 2010, with all of
the items that had been subpoenaed by the State for an in camera inspection by
the trial court and for inclusion into the record for inspection by this court.  On July 28, 2010, the trial court issued an
amended order again ordering Macdonald to personally appear on July 30, 2010
with the items subpoenaed by the State.

On July 29, 2010, Macdonald filed a second motion for emergency
temporary relief in this original proceeding asking for relief from the trial
court’s amended order to appear.  On that
same day, this court issued an order staying the trial court’s July 28, 2010
order and requesting a response.  On
August 24, 2010, this court issued an order denying Macdonald’s second motion
for temporary relief and directing him to produce the ordered documents to the
trial court for an in camera inspection. 
The trial court conducted its in camera inspection, and on September 9,
2010, the trial court issued its findings of fact and conclusions of law in
which it determined that Macdonald had properly invoked the attorney-client
privilege and that the privilege applied to the documents subpoenaed by the
State.  The trial court, therefore, quashed
the subpoena.  Because the trial court has
now quashed the State’s subpoena duces tecum, the trial court’s writ of
attachment premised on Macdonald’s failure to appear pursuant to the State’s
subpoena is of no force or effect.  See Tex. Code Crim. Proc. Ann. Arts.
24.06, 24.11, 24.22 (Vernon 2009).  Accordingly,
because the trial court has granted Macdonald’s requested relief, we lift our
April 19, 2010 stay and deny the petition for writ of mandamus as moot.

 

 

 

                                                                   TERRIE
LIVINGSTON

                                                                             CHIEF
JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER
and MEIER, JJ.

 

DELIVERED:  October 7, 2010  











[1]See
Tex. R. App. P. 47.4.